104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Rudy CLARK, Plaintiff-Counter-Defendant-Appellant,
v.
HUDSON BAY MUSIC, INC.; Alley Music Corporation,
Defendants-Counter-Claimants-Appellees.
 No. 96-7251.
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 Appearing for Appellant: Harvey Stuart, New York, NY.
 Appearing for Appellees: Stuart Prager, Clark and Prager, New York, NY.
 Present MESKILL, WINTER, CABRANES, Circuit Judges.
 
 
 1
 Rudy Clark appeals from Judge Koeltl's denial of Clark's motion for attorney's fees. The motion followed a trial over the ownership of the copyright renewal term of a song Clark had composed, entitled "It's In His Kiss," a/k/a "The Shoop Shoop Song" ("Song"). Upon completion of a two-day bench trial, Judge Koeltl held in favor of Clark, (i) declaring him entitled to sole ownership of the United States copyright of the Song during its renewal term; (ii) ordering defendants, Hudson Bay Music Inc. and Alley Music Corporation, to pay Clark all of the publisher's share of royalties retained by them from exploitation of the copyright during the renewal term; (iii) awarding Clark a judgment for the period January 1, 1992 to June 30, 1995 of $78,236.19 in royalties, together with $7,416.19 in pre-judgement interest, and plaintiff's costs of the action; and (iv) directing the defendants to account for the remaining royalties retained by them for the period June 30, 1995 to December 31, 1995. On November 22, 1995, Clark moved for an award of attorney's fees pursuant to 17 U.S.C. § 505, estimating the fees incurred by him to be $76,800.
 
 
 2
 Clark challenges Judge Koeltl's denial of attorney's fees on the ground that the court misapplied the standard enunciated by the Supreme Court in Fogerty v. Fantasy, Inc., 114 S.Ct. 1023, 1033 (1994). We disagree.
 
 
 3
 Clark argues that Fogerty did not change our pre-Fogerty practice of granting attorney's fees "as a matter of course" to prevailing plaintiffs in copyright actions. See In Design v. K-Mart Apparel Corp., 13 F.3d 559, 567 (2d. Cir.1994). Prior to Fogerty, we applied a dual standard for granting attorney's fees in copyright cases, where defendants seeking fees had to prove that the plaintiff brought the suit frivolously or in bad faith, while a plaintiff seeking attorney's fees faced a lesser burden. Id. In Fogerty, the Supreme Court overruled the dual standard, holding that fee applications require an "even handed" approach that treats prevailing plaintiffs and prevailing defendants alike. Fogerty, 114 S.Ct. at 1033. Clark argues that Fogerty 's even-handed standard simply means reducing the evidentiary burdens for both parties--neither prevailing plaintiffs nor defendants have to show bad faith to receive damages. Clark urges us to interpret Fogerty as directing us to award attorney's fees to either party "if the making of such an award would vindicate any significant policy of the Copyright Act and would not be inequitable." Clark argues that granting attorney's fees in the instant case would provide an incentive for authors to enforce their rights in copyright renewals and for financially weak parties to enforce their rights against deeper pockets.
 
 
 4
 Clark's interpretation of Fogerty, however, is not the standard that the Supreme Court has set out. Fogerty stated, " 'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.' " Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983)). The Court suggested following a nonexclusive list of "considerations" that include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 1033, n. 19 (citation and internal quotation marks omitted). We follow the Court's suggestion and consider the Fogerty factors in making attorney's fees decisions. See Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1011 (2d Cir.1995).
 
 
 5
 As the district court's decision to deny attorney's fees is discretionary, we review for abuse of discretion only. In re Bolar Pharmaceutical Co. Sec. Litig, 966 F.2d 731, 732 (2d Cir.1992) (per curiam) (applying abuse of discretion review to motion for attorney's fees). " 'Abuse of discretion' is one of the most deferential standards of review; it recognizes that the district court, which is intimately familiar with the nuances of the case, is in far better position to make certain decisions than is the appellate court, which must work from a cold record." Id.
 
 
 6
 The record shows that Judge Koeltl carefully considered each Fogerty factor and concluded that attorney's fees were not warranted. Nevertheless, Clark claims that Judge Koeltl erred on certain factors. First, he argues that defendant acted in bad faith. Clark's contention is frivolous, given the fact that his counsel conceded the point at the hearing on the motion for attorney's fees. "Are you really contending that the defendant in this action was not acting in good faith ... ?" the court asked. Clark's counsel answered, "We are not saying that at all, your Honor, not for a moment."
 
 
 7
 Clark's challenge to Judge Koeltl's application of the last two Fogerty factors--compensation and deterrence--is also meritless. Judge Koeltl was within his discretion in finding that Clark had been adequately compensated in that the immediate award he received was greater than his estimated attorney's fees and he will receive all new royalties from the Song during the renewal term. Similarly, there was no abuse of discretion when Judge Koeltl found no need to deter the defendants because of the reasonableness of their defense, given that they, without contest, had held and exercised copyrights in the Song for over 30 years.
 
 
 8
 We therefore affirm.